UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| WILLIAM ERIC BELL, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-45 |
| ) | *Mattice/Carter* |
| EDWARD E. DAVIS *et al.* ) | |

<u>REPORT AND RECOMMENDATION</u>

Plaintiff William Eric Bell, *pro se,* moves to proceed *in forma pauperis*. [Doc. 1]. Because plaintiff's complaint fails to state a claim for which relief can be granted, it is RECOMMENDED plaintiff's action be DISMISSED.

<u>Facts</u>

It appears from plaintiff's complaint that he was convicted of rape and robbery in 1972 in the Hamilton County Criminal Court and was incarcerated for 41 years. Plaintiff is not currently incarcerated. Plaintiff has filed this action against former Hamilton County District Attorney General Edward E. Davis, Hamilton County, the Chattanooga Police Department, Robert and Debbie Marks, and Detective W.C. Dixson alleging defendants engaged in misconduct, some of which violated his due process rights and all of which resulted in Mr. Bell's wrongful conviction and wrongful imprisonment for 41 years. He also alleges that "the Court" made significant errors during the trial of his case. He contends defendants' conduct constituted intentional infliction of emotional distress and he seeks an unspecified amount of compensatory and punitive damages.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be

1

granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93, (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Analysis

If plaintiff were to prevail on any of the claims he attempts to assert in this complaint, it would necessarily require a determination that his conviction is invalid. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held "civil torts actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," and a plaintiff cannot use a civil rights action to collaterally attack a criminal conviction unless his criminal judgment "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

2

issuance of a writ of habeas corpus." *Heck* addressed the viability of a claim for damages brought under 42 U.S.C. § 1983 challenging the constitutionality of a conviction and subsequent imprisonment. *Id.* "Heck precludes a prisoner from maintaining a civil rights action for damages based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of the confinement are in fact invalid. The critical inquiry is whether a judgment in favor of the plaintiff in the civil rights case would necessarily imply the invalidity of his conviction or sentence." *Lueck v. Wathen*, 262 F.Supp.2d 690, 696 (N.D. Tex. 2003) (citing *Heck*, 512 U.S. at 485-87); *accord Mason v. Stacey*, 2009 WL 803107 *7 (E.D. Tenn. Mar. 25, 2009). In the instant, were plaintiff to prevail on his claims, it would necessarily imply the invalidity of his criminal conviction.

There is an exception to the bar presented by *Heck v. Humphrey*. In *Powers v. Hamilton Cnty. Pub. Defender Comm'n,* 501 F.3d 592 (6th Cir. 2007), the Sixth Circuit held that *Heck* did not bar a suit brought under 42 U.S.C. § 1983 which implicated the validity of plaintiff's underlying conviction where the plaintiff was no longer in custody and the plaintiff had been in custody for only a short time and was thus foreclosed from challenging the incarceration in a habeas action. In the instant case, William Eric Bell was in custody 41 years, and this exception cannot apply.

Finally, the complaint fails to state an adequate basis for subject matter jurisdiction. Plaintiff brings this claim asserting intentional infliction of emotional distress under Tennessee state law; however, he does not allege the citizenship of the defendants or the amount in controversy. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) ("A federal district court has original 'diversity' jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C.

3

1332(a).") Finally, I see no other basis for this Court to possess subject matter jurisdiction and plaintiff does not allege there are any other bases.[1]

### Conclusion

Accordingly, for the reasons stated herein, it is RECOMMENDED[2] this action be DISMISSED with prejudice for failure to state a claim. If this action is DISMISSED, it will be unnecessary to rule on plaintiff's application to proceed *in forma pauperis*.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] It appears to the undersigned that plaintiff's allegations of due process violations are the basis for plaintiff's claim of intentional infliction of emotional distress, not separate claims themselves. In any event, plaintiff has not alleged a claim under 42 U.S.C. § 1983 nor has plaintiff asked for injunctive relief. If plaintiff's complaint is construed to present a Section 1983 claim for due process violations, it barred by *Heck v. Humphrey*, for the reasons discussed in this report and recommendation.

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).