UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| WILLIAM ERIC BELL, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:13-cv-45 |
| v. | ) |
| | ) Judge Mattice |
| EDWARD E. DAVIS, *et al.*, | ) Magistrate Judge Carter |
| *Defendants*. | ) |

## **ORDER**

On February 20, 2013, Plaintiff filed an application to proceed *in forma pauperis* and a *pro se* Complaint. (Docs. 1, 2). Insofar as a cogent claim may be discerned from the Complaint, it is this: Plaintiff appears to be using a civil tort action as a means of challenging his 1972 state-court convictions.

On April 17, 2013, United States Magistrate Judge William B. Carter filed a Report and Recommendation ("R&R") (Doc. 3) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Magistrate Judge Carter recommended that Plaintiff's Complaint be dismissed with prejudice, per 28 U.S.C. § 1915(e)(2), and that his application to proceed *in forma pauperis* be denied as moot.

Magistrate Judge Carter specifically advised Plaintiff that he had 14 days in which to object to the Report and Recommendation and that failure to do so would waive his right to appeal. (Doc. 4 at 3 n.2); see Fed. R. Civ. P. 72(b)(2); *see also Thomas v. Arn*, 474 U.S. 140, 148-51 (1985) (noting that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Plaintiff did

not timely object to the R&R.  However, Plaintiff did file a Motion for an extension of time to file objections.  (Doc. 4).  The Court granted his Motion, and it permitted him until June 10, 2013 to file objections.  (Doc. 5).

Plaintiff has filed no objections to the Magistrate Judge's R&R.  He did, however, file a somewhat diffuse Motion to Appoint Counsel.  (Doc. 6).  In addition to asking that the court "reserve for [him] the legal right to exercise [his] legal rights and privileges of seeking the assistance of a licensed and legal assistance of out-side legal counsel," Plaintiff's Motion again reiterated his displeasure with his criminal conviction and asked for compensatory and punitive damages.

Plaintiff's Motion to Appoint Counsel is wholly non-responsive to the findings and recommendations outlined in the R&R.  Nevertheless, despite Plaintiff's failure to file objections, the Court has reviewed the Report and Recommendation as well as the record as a whole.  The Court agrees with Magistrate Judge Carter's well-reasoned conclusions.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Carter's Report and Recommendation**.**  Plaintiff's Motion to Appoint Counsel (Doc. 6) is hereby **DENIED AS MOOT** for the reasons stated in Magistrate Judge Carter's R&R.  This action is hereby **DISMISSED WITH PREJUDICE**.  Plaintiffs' application to proceed *in forma pauperis* (Doc. 1) is **DENIED AS MOOT**.

2

**SO ORDERED** this 14th day of June, 2013.

                                          */s/ Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                          UNITED STATES DISTRICT JUDGE